**FREELAND v. FREELAND et al.**
No. 8210.

Circuit Court of Appeals, Sixth Circuit.
April 4, 1940.

Paul Marshall, of Cleveland, Ohio, for appellant.

Dwight B. Buss and Joseph B. Shepler, both of Cleveland, Ohio (Baker, Hostetler

& Patterson and Dwight B. Buss, all of Cleveland, Ohio, on the brief), for appellees.

Before HICKS, SIMONS and HAMILTON, Circuit Judges.

SIMONS, Circuit Judge.

The controversy is between the sister and the second wife of a deceased employee of the Railroad as to who is entitled to death benefits under an insurance contract with its Relief Department. It was initiated by the Railroad Company under the Federal Interpleader Act of 1936, 28 U.S.C.A. Section 41(26). The District Court decreed that the fund be distributed to the sister of the deceased employee, since she was its designated beneficiary. The widow appeals and the Railroad Company, asserting an interest in the outcome of the litigation because of its effect upon the orderly carrying out of the functions of its Relief Department, submits its brief in support of the appeal in its own interest, and as a friend of the court.

John W. Freeland, the insured, was a solicitor of freight traffic for the Railroad Company, and on March 6, 1931, made application to the Relief Department for natural death benefit, naming as beneficiary his then wife, Lulu E. Freeland. Following the death of Lulu E. Freeland on November 3, 1933, Freeland designated his sister Eleanor, the present appellee as beneficiary. On March 6, 1935, Freeland married Mabel Kelly, the appellant, at New Orleans. Five months later he died without the marriage having been disclosed to his sister, his wife's family, or to the Railroad Company, and having generally been kept secret except for some confidential communications to the manager of the hotel at which both husband and wife resided in separate apartments, the wife's employer, and a limited number of personal friends. The marriage was proved, however, not only by oral evidence of the appellant and others, but by a marriage certificate issued out of the State of Louisiana and purporting to show the marriage to have been solemnized in the presence of two witnesses, by the Judge of the 25th Judicial District Court of that state. The certificate is signed by the contracting parties, and the authenticity of their signatures is not challenged.

The determinative question involves the construction of the agreement entered into by Freeland with the Relief Department of the Railroad. In his original application he consented and agreed to be bound by all the regulations of the Relief Department then in force, or by any others thereafter adopted applicable to the relief features, expressly stipulating, "my subsequent marriage shall ipso facto have the effect to substitute my wife (husband) in the place and stead of the beneficiary named above to receive said benefits in the event of my death if she (he) be then living." After the death of his first wife, Freeland filed a supplementary application on November 3, 1933, designating his sister, Eleanor, as a substituted beneficiary, the change to be "without otherwise affecting or changing said application or the terms thereof."

Regulation 18 of the Relief Department of the Railroad Company includes the following provision: "The marriage of a member at any time shall immediately, without a written designation, substitute his wife as his sole beneficiary in the place and stead of the persons who were his beneficiaries at the time of his marriage, unless the member shall after such marriage, with the written consent and approval of the Superintendent designate such other beneficiary as is permitted under the Regulation." Regulation 58 provides: "The benefits on account of the death of a member will be paid to the beneficiary designated in the application or to his next of kin as determined by the laws of the State of Maryland, unless otherwise applied by the Superintendent under the power vested in him by these Regulations." Regulation 60 provides: "No assignment of benefits or change of beneficiary will be permitted without the written consent of the Superintendent, nor shall benefits be subject to attachment or other legal process."

A strict application of the provisions of Regulation 18 would seem to require that Freeland's marriage in New Orleans to the appellant should be held to have automatically and at once substituted his wife as his sole beneficiary in the place and stead of his sister, and it is conceded that subsequent to his marriage he attempted no designation of beneficiary either with or without the consent of the Superintendent. The court, however, while disclaiming any consideration given in decision to departure from generally accepted mores by the parties to the marriage contract, to difference in their ages, or other circumstances, concluded that the mar-

riage in Louisiana was not such as in the contemplation of the relief provisions would result in an automatic substitution of the appellant for the decedent's sister in the insurance contract, since the compact, even though with legal sanction, was secret and therefore evidenced no intention on the part of the insured to have the automatic provision of the agreement apply, but on the contrary, its maintenance in secrecy was tantamount to a continuing designation of the decedent's sister as the beneficiary.

As we read them, the stipulation contained in the original application and the provisions of Regulation 18 are clear and unambiguous, requiring no construction. The insured agreed that his subsequent marriage should ipso facto have the effect of substituting his wife for any named beneficiary. It is true that at the time of the original application he was married. In his supplementary application, however, substituting his sister for his deceased wife as beneficiary, he expressly stipulated that such substitution was not to have the effect of otherwise changing the terms of his original application. Regulation 18 provided that the wife should become substituted immediately without written designation. No authority has been cited, and we know of none that requires reading into the contract, an exception not therein expressed and not necessarily to be implied. The insured knew that his marriage would automatically change his beneficiary unless he made written designation otherwise. He lived five months without making such designation. If construction were required, the inference is inescapable that he intended none, and that the automatic substitution should operate.

It is argued on behalf of the appellee that Regulation 18 must be read in pari materia with Regulations 58 and 60, and since by 58 the benefits should be paid to the beneficiary designated in the application, and since by 60 an assignment of benefits or change of beneficiary must be with the written consent of the Superintendent, the latter Regulations control notwithstanding the provisions of the application and Regulation 18. Of this argument it is sufficient to say that familiar rules governing the construction of contracts require that where there are general and special provisions relating to the same thing, the special provisions control 12 Am.Jur. Sec. 244. The provisions of Regulations 58 and 60 have application but to situations not governed by the applicable language of Regulation 18. The decree is set aside and the cause remanded for a decree awarding death benefits to the appellant in conformity herewith.